443 So.2d 434 (1984)
Clifford Ray JONES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-1503.
District Court of Appeal of Florida, Fifth District.
January 5, 1984.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction in a burglary case. As his point on appeal, appellant challenges the constitutionality of Section 39.04(2)(e)(4), Florida Statutes (1981).
(e) The state attorney shall in all cases have the right to take action, regardless of the action or lack of action of the intake officer, and shall determine the action which is in the best interest of the public and the child. The state attorney may:
* * * * * *
(4) With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of a child charged with a misdemeanor, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.
It is an equal protection issue appellant raises. He says the prosecutor "is able to indiscriminately extract sixteen and seventeen year old children from others in the juvenile system and, simply by charging a felony, cause those children to be tried as adults in the circuit court, which clearly deprives those children due process and equal protection of the law."
We cannot agree with appellant and find no constitutional infirmity in the statute. Appellant's argument ignores two basic *435 premises. First, the prosecutor has total and absolute discretion as to whom to charge and prosecute on what charge, be the accused an adult or not. Second, the juvenile system is purely statutory, not based upon the common law, and is thus governed in substance only by the legislature. The legislature's enactments establish the charging procedures a prosecutor may follow and the prosecutor makes his choice as to which procedures he will follow. The main complaint of appellant is that some children may be charged with felonies and sent to adult court where other children who commit the same crime may be charged only with a misdemeanor and left in the juvenile court. We would add that the prosecutor could also charge a child with a delinquency constituting a felony and not have him put into adult court. Our system of justice gives the executive branch, the state attorney, the authority to do that at his discretion. It is not unconstitutional. See State v. Cain, 381 So.2d 1361 (Fla. 1980) regarding the statute before it was amended. See also Hayes v. State, 425 So.2d 634 (Fla. 2d DCA 1983).
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.