543 So.2d 851 (1989)
Michael BOWENS, Petitioner,
v.
The Honorable Robert W. TYSON, Jr., Circuit Court Judge, 17TH Judicial Circuit, in and for Broward County, Florida, and the Honorable Nick Navarro, Sheriff of Broward County, Florida, Respondents.
No. 89-0606.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
Rehearing Denied June 19, 1989.
Alan H. Schreiber, Public Defender, and Steven Michaelson, Chief Asst. Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for respondents.
PER CURIAM.
This petition for writ of habeas corpus arises from rule 3.133(b)(6), Florida Rules of Criminal Procedure, a new provision of the rules regarding pretrial release, which was adopted in In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla. 1988). Subsection (b)(6) to rule 3.133 became effective on January 1, 1989. It provides:
(b) Adversary Preliminary Hearings

(6) Pretrial Detention. In the event that the defendant remains in custody and has not been charged in an information or indictment within 30 days from the date of his or her arrest or service of capias upon him or her, he or she shall be released from custody on their own recognizance on the 30th day unless the state can show good cause why the information or indictment has not been filed. If good cause is shown the state shall have 10 additional days to obtain an indictment or file an information. If the defendant has not been so charged within this time he or she shall be automatically released on his or her own recognizance. In no event shall any defendant remain in custody beyond 40 days unless he or she has been charged with a crime by information or indictment.
Petitioner was arrested on charges of attempted first degree murder, armed robbery and possession of a short-barreled shotgun on January 17, 1989. Forty-two days later, he filed a motion for pretrial release based on rule 3.133(b)(6), alleging that he had been held in custody for more *852 than thirty days without the filing of an information or indictment. On the same day, the State of Florida filed an information formally charging petitioner with these offenses. Petitioner's motion for release was denied three days later. Petitioner claims that, pursuant to rule 3.133(b)(6), he was entitled to be released "automatically" on his own recognizance regardless of the state's subsequent filing of the information.
We interpret this new subsection to rule 3.133 to mean that if a defendant is held in pretrial custody for thirty days without the filing of an indictment or information, he or she has the right, on the 30th day, to move for immediate release by court order. The court then has the authority to either release the defendant, or, if the state can show good cause why the information has not been filed, the court may allow ten additional days for filing of an indictment or information. We do not interpret the rule to mandate automatic release if the state files an information or indictment after the thirty day period has expired, but before the court hears the defendant's motion for release. Therefore, the petition for writ of habeas corpus is denied.
However, given the absence of other interpretations of this newly adopted subsection by case law, committee note or other authority, and because we believe that the interpretation of this subsection is a matter of great public importance, we hereby certify the following question to the supreme court of Florida:
Is a defendant who is held in custody for thirty days without the filing of an information or indictment entitled to automatic pretrial release under Florida Rule of Criminal Procedure 3.133(b)(6), even though the state files an information before the court hears the defendant's motion for release?
Denied.
HERSEY, C.J., WALDEN and WARNER, JJ., concur.