PER CURIAM.
C.S. petitions this court for a writ of habeas corpus, arguing that his continued detention by juvenile authorities after the filing of an information against him by the state attorney is unauthorized. We agree and grant' relief.[1]
Petitioner was ordered detained by the circuit court on October 4, 1989, on charges of burglary, grand theft of a firearm, and grand theft motor vehicle. Arraignment on the charges was continued on October 11 and 18 and on October 25 the state announced it had “direct filed” an information against C.S. pursuant to section 39.-04(2)(e)4., Florida Statutes (1987).[2] Over the objection of C.S., the trial court ordered him detained in the juvenile center for an additional 7 days until November 1, 1989.
Petitioner shows that he had been detained for 21 days at the time the information was filed against him. Section 39.-032(6)(b), Florida Statutes, provides:
No child shall be held in nonsecure or secure detention care or a crisis home under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced by the court.
Subsection (d) of that same statute permits the 21 day period to be extended in certain circumstances:
The time limits in paragraphs (b) and (c) do not include periods of delay resulting from a continuance granted by the court for a good cause shown on motion of the child or his counsel or of the state, or upon motion of the court.
C.S. argues that the state’s waiting until the twenty-first day to file an information, without more, is not “good cause.” In response, the state contends that a juvenile can be held for a period not exceeding 30 days under the criminal rules prior to triggering pretrial release where there has been a direct filing of an information, relying upon Bowens v. Tyson, 543 So.2d 851 (Fla. 4th DCA 1989) as authority for this proposition.
The parties have represented to us that they believe this case to be one of first impression and our own research suggests this is so. Thus, we must examine the applicable statutory and rule authorities and case law construing them to attempt to glean the intent of the legislature in enacting the “direct file” provision of chapter 39, Florida Statutes. This is one of four methods by which a juvenile may be tried as an adult. The others are upon the demand of the child and his parent or guardian, § 39.02(5)(b), Fla. Stat.; after a waiver hearing, id. § 39.02(5)(a); or by indictment if the child is charged with a crime punishable by death or life imprisonment, id. § 39.02(5)(c). See generally State v. King, 426 So.2d 12 (Fla.1982). The “direct file” provision has withstood attacks on constitutional grounds, Lott v. State, 400 So.2d 10 (Fla.1981); State v. Cain, 381 So.2d 1361 (Fla.1980); Jones v. State, 443 So.2d 434 (Fla. 5th DCA), review denied, 451 So.2d 849 (Fla.1984).
The case authorities to which the respondent has directed us primarily concern the application of speedy trial rules to juveniles against whom informations are filed pursuant to section 39.04(2)(e)4. See State v. Wesley, 522 So.2d 1007 (Fla. 2d DCA 1988); Bell v. State, 479 So.2d 308 (Fla. 2d DCA 1985). These cases hold that the filing of an information removes the child from the time limitations relating to juvenile proceedings. They persuade us that the filing of an information removed C.S. from the jurisdiction of the juvenile division of the circuit court, at least for purposes of pretrial detention, and the trial judge’s attempt to continue his stay in the juvenile detention center for another week was not proper. We find respondent’s reliance on Bowens misplaced, as it involves proper interpretation of the rule pertaining to the length of time an adult offender may be detained prior to the filing of an infor *319 mation against him. Instead, we believe that the state should have no more than 24 hours from the filing of an information against a juvenile to bring him before a judge of the criminal division for a first appearance and proceedings in accordance with Rules 3.131 or 3.132, Florida Rules of Criminal Procedure. To do otherwise, as was done in this case, permits the state to extend a period of deprivation of liberty without adequate procedural safeguards, cf. P.R. v. Johnson, 541 So.2d 791, 793 (Fla. 4th DCA 1989) (extension of 21 day period of detention improper on grounds that juvenile had a past criminal record and presently faced felony charges).
The correctness of our conclusion is reinforced by our examination of Rule 8.150, Florida Rules of Juvenile Procedure. Subsection (a) of that rule sets forth the procedure to be employed where the child demands to be tried as an adult pursuant to section 39.02(5)(b) and provides that “[t]he court may order that the child be delivered to the sheriff of the county in which the court that is to try him is located.” Rule subsection (b)(5)(i), which applies when there is an involuntary waiver pursuant to section 39.02(5)(a), prescribes that if the court determines the child should be tried as an adult, he “shall be delivered immediately to the sheriff of the county in which the court that is to try him as an adult is located.” Further, subsection (c) of the rule provides in pertinent part that “[i]f the child is delivered to the sheriff under (a) or (b) above the court shall fix bail.” This leads to the conclusion that continued custody by juvenile authorities of a minor who is to be tried as an adult is inappropriate. We recognize, however, that a trial court order is necessary in instances of waiver on demand and involuntary waiver and thus the court can simultaneously consider the commitment of the accused to adult authorities. The filing of an information or the return of an indictment does not present a similar opportunity for immediate disposition of the question of custody and thus we have grafted the 24 hour period of Rule 3.130, Florida Rules of Criminal Procedure, onto the period of allowable detention by juvenile authorities. Should the state fail to bring the accused before a judicial officer for a first appearance within 24 hours of filing of the information, the minor shall be entitled to be released by the juvenile authorities.
We acknowledge that our holding today is court-made law necessary to fill a void in the statutes and rules applicable to the direct filing of an information against a juvenile. Obviously it would be preferable if the procedures to be employed were set forth by rule and we bring this matter to the attention of the Florida Bar committees responsible for the rules of juvenile and criminal procedure and suggest that one or both of them promulgate appropriate rules to be employed in these circumstances.
WRIT ISSUED.
SHIVERS, C.J., and WENTWORTH and MINER, JJ., concur.

. Relief was previously granted by unpublished order wherein we committed to issue this opinion setting forth the reasons for our disposition of the petition.

. Renumbered, without substantive change, to § 39.04(3)(e)4„ Fla. Stat., by ch. 89-295, § 2, Laws of Fla, effective January 1, 1990.