557 So.2d 196 (1990)
Freddie THOMAS, Petitioner,
v.
Sermon DYESS, Hendry County Sheriff, Respondent.
No. 90-00158.
District Court of Appeal of Florida, Second District.
February 21, 1990.
*197 Douglas M. Midgley, Public Defender, and Diane M. Dramko, Asst. Public Defender, Labelle, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Freddie Thomas petitions this court for a writ of habeas corpus to secure his release from pretrial detention. We grant the petition.
Thomas was arrested on felony charges November 20, 1989, and has been incarcerated in the Hendry County Jail since that date. After the expiration of thirty days, no formal charges having been filed, Thomas sought release on his own recognizance pursuant to Florida Rule of Criminal Procedure 3.133(b)(6). An information was filed January 2, 1990, and a show cause hearing conducted January 10. It appears from the record that the "intake attorney" originally assigned by the state to review Thomas's case left on vacation, then resigned, before taking action. After transfer to a second prosecutor the paperwork was further delayed by the year-end holidays. The circuit court ruled that the state attorney's "administrative problems" constituted good cause for the delay, and declined to release Thomas from custody.
Rule 3.133(b)(6), effective January 1, 1989, states that a defendant in custody, not formally charged within thirty days of arrest, "shall be released on [his] own recognizance on the 30th day unless the state can show good cause why the information or indictment has not been filed" (emphasis supplied). If good cause is shown the state shall have an additional ten days to file, but in no event is the defendant to remain in custody beyond forty days unless formally charged. We are aware of only one published decision construing this rule. In Bowens v. Tyson, 543 So.2d 851 (Fla. 4th DCA 1989), the petitioner moved for pretrial release after forty-two days in custody, and charges were filed prior to the show cause hearing. The district court interpreted the rule as authorizing the detainee "to move for immediate release by court order" upon the expiration of the relevant time periods, but not as "mandat[ing] automatic release if the state files an information or indictment after the thirty day period has expired, but before the court hears the defendant's motion for release" (as happened in both Bowens and the present case). 543 So.2d at 852 (emphasis in original).
We must disagree with this construction of the new subsection. Particularly when rule 3.133 is viewed as a whole, it instead appears to require the state to file within a certain time period or lose the right to insist upon the defendant's continued detention. For example, subsection (b)(1), which entitles an uncharged defendant to an adversary preliminary hearing after twenty-one days, cautions that "[t]he subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this hearing." Further incentive to bring prompt charges is provided by subsection (b)(6)  a provision which may apply even where there has been a preliminary hearing and finding of probable cause  and while a comparable caveat is not expressly included in that subsection we believe a similar intent is clearly implied. The end result of the contrary view expressed in Bowens would reduce the rule to little more than a reminder to the state to file charges in advance of any release hearing, however tardy.
We, therefore, turn to the merits of the state's request for additional time to file charges, a matter accomplished on the last possible day for doing so. See Fla.R. Crim.P. 3.040. Again, there is no precedent establishing exactly what constitutes *198 "good cause" for the late filing of charges. However, we note that Florida Rule of Criminal Procedure 3.191(f), dealing with exceptional circumstances for extending speedy trial limits, does not include such factors as "general congestion of the court's docket" and "lack of diligent preparation." Applying such a standard to the present case, we cannot characterize the state attorney's interoffice delays as good cause to detain Thomas in jail past the limits established by the rule.
The petition for writ of habeas corpus is granted, and the respondent is directed to release the petitioner on his own recognizance. Of course, such release does not void further prosecution on the information, but does prohibit any restraint on the petitioner's liberty other than appearing for future court proceedings.
LEHAN, A.C.J., and HALL and ALTENBERND, JJ., concur.