PER CURIAM.
We have consolidated these petitions for opinion because they raise similar issues concerning the proper interpretation of Rule 3.133(b)(6), Florida Rules of Criminal Procedure.
Cleophus McCaskill was arrested on April 11, 1990, for armed robbery. When no information was filed within 21 days, he moved for an adversary preliminary hearing pursuant to Rule 3.133(b)(1). On May 16, McCaskill sought relief pursuant to Rule 3.133(b)(6). A hearing was held on May 17 and the trial court found probable cause existed and therefore denied the relief sought under subsection (b)(1). It further found that, as the state had filed an information that day, the (b)(6) motion should also be denied.
Lawrence Demers, Kevin Ory, and Steven Valdez were arrested on March 30. None sought an adversary hearing, but all sought release under Rule 3.133(b)(6) when no information was filed within 40 days of their arrest. Valdez’s motion was filed May 10 and Demers and Ory sought release on May 14. The trial court denied their motions on grounds that informations were filed on May 11.
Rule 3.133(b)(6) of the Florida Rules of Criminal Procedure provides:
In the event that the defendant remains in custody and has not been charged in an information or indictment within 30 days from the date of his or her arrest or service of capias upon him or her, he or she shall be released from custody on their own recognizance on the 30th day unless the state can show good cause why the information or indictment has not been filed. If good cause is shown the state shall have 10 additional days to obtain an indictment or file an information. If the defendant has not been so charged within this time, he or she shall be automatically released on his or her own recognizance. In no event shall any defendant remain in custody beyond 40 days unless he or she has been charged with a crime by information or indictment.
We are aware of only two eases that address the issues presented here. In Bowens v. Tyson, 543 So.2d 851 (Fla. 4th DCA 1989), our sister court considered a fact scenario similar to that presented in the matter of petitioner Valdez. That is, Bowens did not seek an adversary preliminary hearing but moved for release after the lapse of 40 days and before the filing of the information. By the time the motion *802 was heard, however, the information had been filed and the trial court denied the motion. The district court affirmed. The second district reached a contrary result in Thomas v. Dyess, 557 So.2d 196 (Fla. 2d DCA 1990). There, Thomas sought release when no charges were filed within 30 days of his arrest. An information was filed on the fortieth day and a show cause hearing was held shortly thereafter. The trial court denied release but the appellate court found that, under the circumstances, the state had to show good cause for its failure to file within 30 days and did not make such a showing at the hearing. Thomas was ordered released on his own recognizance.
McCaskill argues that the state should be required to show good cause for the filing of an information after 30 days. As he was charged prior to the expiration of the 40 day period, he does not argue that he is entitled to immediate release. The respondent argues, among other things, that the appropriate remedy for McCaskill is mandamus. We agree, and we also agree that he is entitled to the relief he seeks. A fair reading of the rule is that if a defendant is charged after 30 days but before 40 days have elapsed, and if he has been unsuccessful on the merits of an adversary preliminary hearing, the state must demonstrate good cause for its failure to file within 30 days.
As for the claims of Valdez, Dem-ers, and Ory, we deny them. Respondent asks us to place a different construction on the rule than was given by either the Thomas or Bowens courts. It is argued that only “[i]n the event that the defendant remains in custody” after an unsuccessful adversary preliminary hearing that a defendant is entitled to the remedies available under subsection (b)(6). The single most persuasive argument in favor of this construction is the placement of this language as a subsection of Rule 3.133(b), which relates solely to adversary preliminary hearings. Thus, as none of these three petitioners applied first for relief pursuant to Rule 3.133(b)(1), we find the trial court properly denied relief under subsection (b)(6).
Accordingly, we construe McCaskill’s petition as one for writ of mandamus and grant relief. We deny the habeas corpus petitions of Valdez, Demers, and Ory. And, as in Bowens, we certify to the Florida Supreme Court that the issues presented here in correctly interpreting the Florida Rules of Criminal Procedure present questions of great public importance.
NIMMONS, J., and THOMPSON, FORD L. (Retired), Associate Judge, concur.
ERVIN, J., concurs and dissents.