ERVIN, Judge,
concurring and dissenting.
I concur with the majority’s disposition of the case involving McCaskill’s petition, but dissent as to its disposition of the three remaining cases, because I agree with the Second District’s construction of rule 3.133(b), as set forth in Thomas v. Dyess, 557 So.2d 196, 197 (Fla. 2d DCA 1990).[1]
Although rule 3.133(b) applies generally to adversary preliminary hearings, I believe that subsections (b)(1) and (b)(6) describe independent, although interrelated, procedures. Subsection (b)(6) requires automatic release of a defendant who has remained in custody for more than 40 days unless he or she has been charged by information or indictment. As the court pointed out in Thomas, the provisions of subsection (b)(6) are in addition to the requirement of a prompt preliminary hearing and a finding of probable cause. In other words, a defendant may be entitled to release under subsection (b)(6) regardless of whether there has been a preliminary hearing. As provided in that subsection, “In no event shall any defendant remain in custody beyond 40 days unless he or she has been *803 charged with a crime by information or indictment.” (Emphasis added.) However, a defendant is still entitled to a preliminary hearing even after release, in that subsection (b)(1) states that “[t]he subsequent filing of an information or indictment shall not eliminate a defendant’s entitlement to this proceeding.”
If the rule is susceptible to the majority’s interpretation — despite what appears to be plainly stated to the contrary in subsection (b)(6) — we should remember that this is a rule of criminal procedure. Therefore, the rules of construction generally applicable to penal statutes should be applied as well to rule 3.133. Consequently, if a penal statute is so drawn that the legislative intent is in doubt, the courts are required to resolve any doubt in favor of the accused. Ex parte Bailey, 39 Fla. 734, 23 So. 552 (1897). If there can be any reasonable doubt regarding the supreme court’s intent in approving the language of rule 3.133(b)(6), I would resolve that doubt in favor of petitioners Valdez, Demers, and Ory, and order their immediate release on their own recognizance. I would also certify conflict with Bowens v. Tyson, 543 So.2d 851 (Fla. 4th DCA 1989).

. While I agree with the majority that the Thomas court ultimately decided that the state had failed to show good cause to further detain Thomas, the majority’s analysis of Thomas fails to acknowledge the Second District’s construction of rule 3.133(b)(6) as requiring automatic release after the fortieth day.