PER CURIAM.
Defendant Lott petitions for a writ of habeas corpus contending that the state’s failure to file an information within thirty days after his arrest entitles him to release on his own recognizance pursuant to Florida Rule of Criminal Procedure 3.133(b)(6). In its response, the state asserts it is entitled to an additional ten-day period to locate the alleged victim and obtain her sworn statement, as the predicate for filing an information. Although it has not been able to find the complainant in over thirty *198 days, the state maintains it will produce her within ten days.
We disagree with the trial court’s conclusion that the state presented good cause for failing to file the information. To obtain extra time for filing the information, the state must show good cause for the delay; if it fails to do so, defendant must be released. The state did not meet its burden. The record demonstrates that during the two-week period after it learned of the unserved subpoena, the state made no attempt to locate the alleged victim. We therefore conclude that the state failed to demonstrate good cause why the information was not filed. Defendant would be entitled to release upon his own recognizance, Fla.R.Crim.P. 3.133(b)(6); however, the state’s filing of an information on the fortieth day renders the matter moot. We agree with the Fourth District Court of Appeal in Bowens v. Tyson, 543 So.2d 851 (Fla. 4th DCA 1989), that under the present circumstances defendant is not entitled to habeas corpus relief.
Petition denied.