PER CURIAM.
The Florida Bar Criminal Procedure Rules Committee (Committee) petitions this Court to amend Florida Rule of Criminal Procedure 3.133(b)(6), governing pretrial release. We have jurisdiction. Art. V, § 2(a), Fla. Const.
Present rule 3.133(b)(6) calls for the release on recognizance of detainees not charged by indictment or information within thirty days of arrest or, upon a showing of good cause by the state, within an additional ten days. In any event, a detainee cannot now remain in custody longer than forty days unless so charged.
Previously, the state attorneys of Florida petitioned this Court to modify this rule. They contended that on occasion it is difficult to make a charging decision or to go before a grand jury within the requisite time limits. On June 29, 1989, this Court rejected the state attorneys’ petition, but suggested that it would entertain recommendations from the Committee on this subject. As a result, the Committee has brought the present petition.*
*827 We agree that some changes should be made to provide somewhat more flexibility in time limits and to clarify ambiguities in the present rule. First, we believe that the state, in the absence of good cause, should be given three additional days in which to file formal charges after the hearing is conducted on the thirtieth day of detention. Thus, the detainee must be released on the thirty-third day if the state fails to file formal charges by that date, in the absence of good cause. If the state shows good cause, it will continue to have until the fortieth day to file charges. If charges are not then filed, the detainee must be released on the fortieth day.
We agree with the Committee that rule 3.133(b)(6) should be renumbered, although we disagree with the precise location to which it should be assigned. To clarify confusion caused by the rule’s placement, we hereby renumber it as rule 3.134, to be entitled “Time for Filing Formal Charges.” This change clarifies that present rule 3.133(b)(6) applies equally to misdemeanor and felony cases as well as those defendants eligible for pretrial release or pretrial detention. Some confusion has arisen about the application of the rule, and the renumbering serves as a clarification of our intent.
Second, the renumbering clarifies that detainees are entitled to the benefits of the rule whether or not they have first sought relief in a preliminary adversary hearing. Some courts erroneously have concluded that the present numbering implied that detainees must seek a preliminary adversary hearing before availing themselves of the rule. E.g., McCaskill v. McMillian, 563 So.2d 800 (Fla. 1st DCA 1990). This was never our intent.
Finally, we wish to commend the Committee for its effort to use gender-neutral language in the proposed rule. However, as noted in the recent Report of the Florida Supreme Court Gender Bias Study Commission 239 (March 1990), all gender-specific language should be avoided in drafting or amending rules of court, including the awkward “him/her” or “his/her” combinations. The rule proposed by the Committee does not meet this standard.
Gender-neutral language can be achieved with only a little forethought. Often, simple rewording can avoid the use of gender-specific language altogether. For example, the use of plural instead of singular pronouns will avoid gender-specific language entirely; and it does not change the meaning of the rules, since the courts must presume that plurals also encompass the singular. § 1.01(1), Fla.Stat. (1989). We have modified the rule to meet the recommendations of the Gender Bias Report.
For the foregoing reasons, we amend present rule 3.133(b)(6) and renumber it as rule 3.134, as reflected in the appendix of this opinion. These changes shall take effect at 12:01 a.m. on April 1, 1991.
It is so ordered.
SHAW, C.J., BARKETT, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
OVERTON, J., dissents with an opinion, in which McDONALD, J., concurs.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS RULE.
APPENDIX
[Additions are underlined; deletions are struck through.]
RULE 3.134 TIME FOR FILING FORMAL CHARGES
(6) Pretrial Detention. — In-the event that — the.defendant remains in custody and has not been charged-in-an-information-or--indictment within 30 days from the date of his or her arr-est-or-service of capias upon him or her, he or she shall be released from custody on their own recognizance on the 30th day unless the state can-show- good cause why the information or indictment-has not been filed. The state shall file formal charges on defendants in custody by information, or indictment, or in the case of alleged misdemeanors by whatever documents constitute a formal charge, within 30 days from the date on which the defendants *828 are arrested or from the date of the service of capiases upon them. If the defendants remain uncharged, the court on the 30th day and with notice to the state shall:
(1) Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date; or
(¾ If good cause is shown by the state, order that the defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date. the state shall have 10-additional days to obtain an indictment or file an-information. — I-f-the defendant-has not been so charged within this-time, he or she shall be automatically released on his or her -ow-n-recognizanee-
In no event shall any defendants remain in custody beyond 40 days unless he or she has they have been formally charged with a crime by — information or indict-meat.

The Committee requests that this Court adopt the following proposed rule:
Pretrial Release. In the event that the defendant remains in custody and has not been charged by information, indictment or otherwise, and for whom no adversary preliminary hearing has been held within 30 days of the date of his or her arrest or service of capias upon him or her, such defendant shall be taken on or before the 30th day before a magistrate for consideration of pretrial release. Unless the state can show good cause why the charging instrument has not been filed, the defendant shall be released from custody on his or her own recognizance. Any defendant who remains in custody after the 30th day shall be brought before a magistrate at least every ten days thereafter, until the *827 charging document is filed or defendant is