578 So.2d 696 (1991)
Michael BOWENS, Petitioner,
v.
Robert W. TYSON, Jr., Judge, Etc., et al., Respondents.
No. 74370.
Supreme Court of Florida.
April 25, 1991.
Alan H. Schreiber, Public Defender and Steven Michaelson, Chief Asst. Public Defender, Appellate Div., Seventeenth Judicial Circuit, Ft. Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen. and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for respondents.
SHAW, Chief Justice.
We review Bowens v. Tyson, 543 So.2d 851 (Fla. 4th DCA 1989), to answer the following certified question:
Is a defendant who is held in custody for thirty days without the filing of an information or indictment entitled to automatic pretrial release under Florida Rule of Criminal Procedure 3.133(b)(6), even though the state files an information before the court hears the defendant's motion for release?
Id. at 852. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer in the negative and approve the decision of the district court.
Bowens was arrested on charges of attempted first-degree murder, armed robbery, and possession of a short-barreled shotgun on January 17, 1989. Forty-two days later, he filed a motion for pretrial release, based on Florida Rule of Criminal Procedure 3.133(b)(6),[*] which provides:

*697 In the event that the defendant remains in custody and has not been charged in an information or indictment within 30 days from the date of his or her arrest or service of capias upon him or her, he or she shall be released from custody on their own recognizance on the 30th day unless the state can show good cause why the information or indictment has not been filed. If good cause is shown the state shall have 10 additional days to obtain an indictment or file an information. If the defendant has not been so charged within this time, he or she shall be automatically released on his or her own recognizance. In no event shall any defendant remain in custody beyond 40 days unless he or she has been charged with a crime by information or indictment.
The state, later the same day, filed an information formally charging him with the offenses. The motion for release was denied at a hearing three days later. Bowens filed a petition for habeas corpus and argued to the district court that he had been held in custody for more than forty days without the filing of an information or an indictment and was therefore entitled to immediate release upon filing his motion. The district court denied relief, holding that the rule does not mandate automatic release if the state files an information or indictment after the thirty-day period has expired but before the court hears the defendant's motion for release.
Bowens argues that the plain meaning of the rule is clear and should be followed. He asserts that an information filed after forty days is untimely and if the state is allowed to file an information thereafter, the rule would be rendered meaningless. We disagree. The inflexible application of the rule suggested by Bowens ignores the rule's underlying purpose which is to force the state to formally charge the accused as soon after arrest as practical. When an accused who has been held in custody for thirty days without being formally charged files a motion for release, the state has three options: 1) it must file an information or indictment; 2) it must show good cause for its delay; or 3) it must release the accused. The effect of a motion to release is to put the state on notice that it has failed to bring timely criminal charges and to force the state to explain its dereliction. It was never the intent of this Court that the rule act as an automatic release without a show-cause hearing. If between the filing of the motion to release and the hearing the state files an information or an indictment, the purpose of the rule is served.
Accordingly, we answer the certified question in the negative and approve the decision of the district court.
It is so ordered.
OVERTON and McDONALD, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.
GRIMES, J., concurs with an opinion.
BARKETT, Justice, concurring specially.
I agree with the result under these facts because, in my view, the state substantially complied with the charging requirement of Florida Rule of Criminal Procedure 3.133(b)(6). Had the state not filed the information immediately after learning of Bowens' meritorious petition, Bowens would have been entitled to automatic release upon prompt judicial review of his petition.
I also wish to emphasize, as the majority notes in a footnote, that this Court recently reconsidered and substantially amended rule 3.133(b)(6) to set forth a hard and fast rule requiring the state to file formal charges within thirty days of arrest or service of capias, with a maximum ten-day extension if good cause is shown. In re Amendment to Florida Rules of Criminal Procedure  Rule 3.133(b)(6) (Pretrial Release), 573 So.2d 826 (Fla. 1991) (amending and renumbering the rule as rule 3.134). The decision in this case does not control the application of rule 3.134.
KOGAN, J., concurs.
*698 GRIMES, Justice, concurring.
Florida Rule of Criminal Procedure 3.133(b)(6) is intended to prevent a person from languishing in jail without having been charged by information or indictment. In the event that an information or indictment has not been promptly filed, the person must be released from custody. However, the rule does not preclude that person from being rearrested and placed back in custody when an information or indictment is later filed. Therefore, because an information had been filed against Bowens by the time of his hearing, he was not entitled to be released.
NOTES
[*] This rule has since been substantially amended. See In re Amendment to Florida Rules of Criminal Procedure  Rule 3.133(b)(6) (Pretrial Release), 573 So.2d 826 (Fla. 1991). This opinion addresses only the unamended rule.