PER CURIAM.
We review Thomas v. Dyess, 557 So.2d 196 (Fla. 2d DCA 1990), because of its conflict with Bowens v. Tyson, 543 So.2d 851 (Fla. 4th DCA 1989). Our jurisdiction is predicated upon article V, section 3(b)(3) of the Florida Constitution.
Thomas was arrested on felony charges on November 20, 1989, and put in jail. After remaining in jail for more than thirty days, he sought release under Florida Rule of Criminal Procedure 3.133(b)(6)[1] because the state had not filed formal charges. The state filed an information on January 2, 1990. At the hearing held on the motion on January 10, 1990, the circuit judge ruled that the state’s “administrative problems” constituted good cause for the delay and declined to release Thomas from custody.
Thomas then filed a petition for habeas corpus in the Second District Court of Appeal. The court held that the state had not shown good cause for the delay in filing formal charges and ordered Thomas released from jail. The court rejected the sheriff’s argument that the filing of the information before the hearing on Thomas’s motion met the requirements of the rule.
Contrary to the foregoing rationale, this Court recently held that a defendant is not entitled to release under rule 3.133(b)(6) “[i]f between the filing of the motion to release and the hearing the. state files an *151 information or an indictment...." Bowens v. Tyson, 578 So.2d 696, 697 (Fla.1991). Therefore, we quash the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.

. While this rule has been recently amended, the amendment is not applicable to the instant case. See In re Amendment to Florida Rules of Criminal Procedure — Rule 3.133(b)(6) (Pretrial Release), 573 So.2d 826 (Fla.1991).