PER CURIAM.
The Florida Bar Criminal Procedure Rules Committee (Committee) petitions this Court to amend Florida Rules of Criminal Procedure 3.130(a) and 3.131(j). We have jurisdiction. Art. V, § 2(a), Fla. Const.
The proposed amendment to rule 3.130(a) is in response to the First District Court of Appeal’s decision in C.S. v. Brown, 553 So.2d 317 (Fla. 1st DCA 1989). In that case, the district court held that the direct filing of an information against a juvenile, pursuant to section 39.04(2)(e)4, Florida Statutes (1987), removes the juvenile from the jurisdiction of the juvenile division of the. circuit court, for purposes of pretrial detention. Therefore, the state has no more than 24 hours from the direct filing to bring the juvenile before a judge of the criminal division for a first appearance (Florida Rule of Criminal Procedure 3.130) and proceedings in accordance with Florida Rules of Criminal Procedure 3.131 (Pretrial Release) and 3.132 (Pretrial Detention). 553 So.2d at 319. Prior to that decision, a juvenile who had been detained in a juvenile facility until the direct filing of an information had no clear rights to a first appearance or speedy trial. The district court acknowledged that it had “grafted the 24 hour period of Rule 3.130, Florida Rules of Criminal Procedure, onto the period of allowable detention by juvenile authorities,” under section 39.032(6)(b), Florida Statutes (1987).[1] 553 So.2d at 319. The district court also recognized that its ruling was “court-made law necessary to fill a void in the statutes and rules applicable to the direct filing of an information against a juvenile,” and suggested that appropriate procedural rules be promulgated. Id.
After studying the issue, the Committee filed the instant petition seeking amendment to Florida Rules of Criminal Procedure 3.130(a) and 3.131(j). Although notice of the proposed changes was published in The Florida Bar News, no comments, either in support or in opposition, have been filed. We have reviewed the Committee’s petition and adopt the rule changes as proposed.
In accordance with the Committee’s recommendation, Florida Rule of Criminal Procedure 3.130(a), which provides that every person in custody shall be taken before a judicial officer within twenty-four hours of arrest, is amended to also provide that a child in the custody of juvenile authorities against whom an information or indictment has been filed shall be given a first appearance hearing within twenty-four hours of the filing.
As the Committee points out, the current Florida Rule of Criminal Procedure 3.131(j), which provides that upon the filing of an *174 indictment or information, if a defendant is not in custody or on bail for the charged offense, a capias shall be issued, contains no special provisions for juvenile defendants. Therefore, it would appear that, if a juvenile has been released from detention, pursuant to section 39.032(6)(b), and thereafter an indictment or information is filed against the juvenile, a capias must be issued for the child pursuant to that rule. In light of the inherent problems of detaining juveniles in adult facilities, rule 3.131(j) is amended to provide an alternative to rearrest. As amended, rule 3.131(j) provides that capias need not be issued, if the person named in the indictment or information is a child who has been served with a promise to appear under the Florida Rule of Juvenile Procedure.
Accordingly, rules 3.130(a) and 3.131(j) are amended as reflected in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. All rules and statutes in conflict with the appended rules are superceded as of the effective date of the amendments. These amendments shall become effective December 15, 1991, at 12:01 a.m.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.
APPENDIX
RULE 3.130. FIRST APPEARANCE
(a) Prompt First Appearance. Except when he-has~been previously released in a lawful manner, every arrested person shall be taken before a judicial officer, either in person or by electronic audiovisual device in the discretion of the court, within twenty-four-( 24 ) hours of his arrest. In the case of a child in the custody of juvenile authorities, against whom an information or indictment has been filed, the child shall be taken for a first appearance hearing within 24 hours of the filing of the information or indictment. The chief judge of the circuit court for each county within the circuit shall designate one or more judicial officers from the circuit court, or county court, to be available for the first appearance and proceedings.
(bHd): NO CHANGE
RULE 3.131. PRETRIAL RELEASE
(aHi): NO CHANGE
(j) Issuance of Capias; Bail Specified. Upon the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately, or when so directed by the prosecuting attorney, a capias for the arrest for of such person. If the person named in the indictment or information is a child, and said child has been served with a promise to appear under the Florida Rules of Juvenile Procedure, capias need not be issued. Upon the filing of the indictment or information, the judge shall endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant’s first appearance hearing. This endorsement shall be made on the capias and signed by the judge.
(kHi): NO CHANGE

. Section 39.032(6)(b), Florida Statutes (1987), provides:
No child shall be held in detention care or a crisis home under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced by the court.