PER CURIAM.
Petitioner has filed a petition for writ of prohibition seeking to prevent the Okeechobee County Circuit Court from proceeding against him on charges of grand theft, dealing in stolen property and burglary of a structure, on the grounds of lack of speedy trial. We do not reach the speedy trial issue *1245 because that issue is premature, no information having yet been filed against petitioner on those charges. However, we treat the petition as a petition for writ of habeas corpus, see Fla.RApp.P. 9.040(c), and remand for an adversary preliminary hearing pursuant to rule 3.133(b), Florida Rules of Criminal Procedure.
On October 6, 1992, petitioner allegedly broke into a car dealership in Okeechobee, Florida, and stole an automobile, a C.B. radio, two car stereos, and some other items. He later allegedly sold some of the small stolen items then drove to Broward County in the stolen vehicle. He was arrested that same night in Broward County for possession of a stolen vehicle and was taken to jail. On November 8, 1992, petitioner appeared before Judge Fogan, Broward County Circuit Court, who informed him that in addition to the Broward County charge of possession of a stolen vehicle, he also had an outstanding capias against him from Okeechobee County.
Petitioner states that Judge Fogan advised him of his rights and of the charges in Okeechobee County, and told him that bond had been preset on the Okeechobee County charges in the total amount of $75,000. As “committing magistrate,” Judge Fogan signed a document titled “First Appearance Hearing And Non-Adversary Probable Cause Determination,” which states that the petitioner “having been arrested,” and the judge “having reviewed the affidavit(s) attached hereto,” finds “[pjrobable cause to believe the defendant has committed, and shall be held to answer for, the offense(s) of’ grand theft, dealing in stolen property and burglary of a structure, with bond set at $25,000 for each offense. A booking sheet states that a “hold” has been placed on petitioner for Okeechobee County.
On December 9, 1992, petitioner pled guilty in the Broward County case and was sentenced to thirty months’ incarceration. He subsequently filed a demand for speedy trial and motion for discharge for lack of speedy trial as to the Okeechobee County charges. The trial court denied the motions on the ground that petitioner had not yet been “arrested” on the Okeechobee County charges.
It is undisputed that no information or indictment has been filed against petitioner on the Okeechobee charges. We find, however, that petitioner has been “arrested” on those charges, as Judge Fogan served him with the capias on those charges on November 8, 1992.
Rule 3.133(b), Florida Rules of Criminal Procedure, provides that a defendant who is not charged in an information or indictment within twenty-one days from the date of arrest or service of the capias on him shall have a right to an adversary preliminary hearing on any felony charge then pending against him. The underlying purpose of this rule is “to force the state to formally charge the accused as soon after arrest as practical.” Bowens v. Tyson, 578 So.2d 696, 697 (Fla. 1991).
We find that petitioner is entitled to a hearing under rule 3.133(b), Florida Rules of Criminal Procedure, as to the Okeechobee County charges. Accordingly, we remand with instructions to the trial court to hold such a hearing within twenty-one days of issuance of our mandate.
DELL, C.J., and STONE and POLEN, JJ., concur.