697 So.2d 1301 (1997)
Cheryl R. FORD, Petitioner,
v.
Larry CAMPBELL, Sheriff of Leon County, Respondent.
No. 97-2528.
District Court of Appeal of Florida, First District.
August 19, 1997.
*1302 Nancy A. Daniels, Public Defender, and Randolph P. Murrell, Assistant Public Defender, Tallahassee, for petitioner.
No appearance for respondent.
PADOVANO, Judge.
Cheryl R. Ford petitions this court for a writ of habeas corpus to challenge the legality of her detention. She contends that the trial court erred in denying her motion for release on recognizance because the state failed to file an information within forty days, the outer time limit set by rule 3.134 of the Florida Rules of Criminal Procedure. We conclude that the petitioner is not entitled to release because she did not file her motion until after the expiration of the forty-day time limit set by the rule, and because the state had filed an information by the time of the hearing on the motion. Therefore we hold that the petitioner is not entitled to relief by habeas corpus and we deny the petition.
The petitioner was arrested on March 8, 1997, for aggravated battery. Because she was unable to post bail in the amount set by the court, she remained in the respondent's custody at the Leon County Jail. On April 29, 1997, fifty-two days after the arrest, the petitioner filed a motion under rule 3.134 for an order releasing her on her own recognizance. The motion was scheduled for a hearing on May 19, 1997, but, in the interim, the state filed an information charging the petitioner with aggravated battery. The trial court denied the petitioner's motion and she then filed her petition for writ of habeas corpus in this court. We denied the petition on June 27, 1997, by an unpublished order in which we explained that this opinion would follow.
Rule 3.134 provides that the state shall file an information against a defendant held in custody, within thirty days of the defendant's arrest. The state's failure to file an information within that time can lead to an order releasing the defendant, but the rule provides that the state must be given notice of the defendant's prospective release, and it contains two provisions allowing the state additional time to file the charge before the defendant is released. Subdivision (1) states that the court shall order the defendant's release on recognizance on the thirty-third day after the arrest if an information has not been filed by that time. This provision affords the state an additional three days to file an information once the issue has been raised. Subdivision (2) authorizes the trial court to defer the defendant's release until the fortieth day after the arrest, on a showing of good cause by the state, if the charging document is not filed by that time. The effect of this outer time limit is underscored by the last sentence of the rule which states that in no event shall a defendant be held beyond forty days after the arrest unless the state has formally charged the defendant with a crime.
The petitioner contends that she is entitled to be released on her own recognizance despite the eventual filing of the information because the rule provides that an uncharged defendant shall not be detained for more than forty days. We disagree. The last sentence of the rule does create an entitlement to release after forty days but that assumes the defendant has previously filed a motion for release. The rule does not *1303 allow a defendant to wait until after the expiration of the forty-day time limit to file a motion for release and then to claim an absolute right to release regardless of the state's response. Such an interpretation would nullify the provision in the rule that requires notice to the state before a defendant is released, and it would deprive the state of its opportunity to cure the error by filing an information within the additional time allowed by subdivision (1) or (2).
Rule 3.134 does not establish an independent duty on the part of the trial court to initiate a proceeding to determine the legality of a defendant's detention. It is true that the rule places the burden on the court to give notice to the state before releasing a defendant, and that it requires the court to enter an order releasing the defendant "automatically" if an information is not filed within the applicable time period, but these provisions cannot be interpreted to mean that the court must raise the issue on its own motion. If that were the case, the trial court would be obligated to monitor the jail population constantly and to compare jail intake data with court records for each defendant in custody to identify those uncharged defendants who remain in custody beyond the initial thirty-day time period set by the rule. We reject this interpretation. Instead we adopt the more practical view that rule 3.134 is not self-executing. The rule creates a right to release but it presumes that the defendant will assert that right by filing an appropriate motion.
Our decision is consistent with the supreme court's interpretation of the rule in effect before the adoption of rule 3.134. In Bowens v. Tyson, 578 So.2d 696 (Fla.1991), the court held that the defendant was not entitled to release on recognizance because the information, although filed more than forty days from the arrest, was ultimately filed before the hearing on the defendant's motion. While Bowens involved the construction of former rule 3.133(b)(6), the part of the rule establishing an outer limit of forty days was not changed in any material respect when the supreme court amended that rule and renumbered it as rule 3.134. See In re Amendment to Florida Rules of Criminal ProcedureRule 3.133(b)(6) (Pretrial Release), 573 So.2d 826 (Fla.1991).[1]
In summary, we hold that the petitioner is not entitled to release on recognizance because she waited until after the outer limit of forty days to file her motion and because the state cured the error by filing an information by the time of the hearing on the motion. For these reasons, we deny the petition for writ of habeas corpus.
Petition denied.
DAVIS and VAN NORTWICK, JJ., concur.
NOTES
[1] The relevant portion of former rule 3.133(b)(6) provided that "[i]n no event shall any defendant remain in custody beyond 40 days unless he or she has been charged with a crime by information or indictment."