DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROBERT EDWARD DAVIS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D14-3427

[October 8, 2014]

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa Porter, Judge; L.T. Case No. 14-10915 CF10A.

Stephan Lopez of Reyes Law Group, P.A., Davie, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for respondent.

WARNER, J.

Petitioner, being held on a $250,000 bond following his arrest for drug trafficking, claims that he is entitled to release on his own recognizance pursuant to Florida Rule of Criminal Procedure 3.134, because the state has failed to file formal charges within thirty days of his arrest. The trial court denied petitioner's motion for release, finding that the backlog at the laboratory testing the substance seized at the time of the arrest constituted good cause for the delay in filing an information. The court order simply denied petitioner's motion. We deny the petition but order the correction of the order in conformance with Rule 3.134.

When the state fails to charge an arrestee in custody, two options are given to the trial judge:

> If the defendants remain uncharged, the court on the 30th day and with notice to the state shall:

> (1) Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date; or
>
> (2) If good cause is shown by the state, **order that the defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date.**
>
> In no event shall any defendants remain in custody beyond 40 days unless they have been formally charged with a crime.

Fla. R. Crim. P. 3.134 (emphasis supplied).

At the hearing, the prosecutor explained that he did not have the laboratory testing results in order to file the information. He noted that the judge was "well aware of the issues in the crime lab in Broward [County] and the vast number of cases it is getting now." The defense objected to a backlog constituting good cause, contending that the tests should have taken three days to complete. The judge agreed that the crime lab was suffering under a backlog and was operating at full capacity. It therefore concluded that good cause had been shown. It then ordered the case to be reset for a hearing on the 40th day, noting that if an information was not filed by that date, petitioner would be released on his own recognizance.

The trial court did not abuse its discretion in determining that the absence of the lab report constituted good cause pursuant to Rule 3.134 to hold the arrestee beyond 33 days. In construing the term "good cause" as contained in Florida Rule of Criminal Procedure 3.050, our supreme court defined it as "a substantial reason, one that affords a legal excuse, or a cause moving the court to its conclusion, not arbitrary or contrary to all the evidence, and not mere ignorance of law, hardship on petitioner, and reliance on [another's] advice. . . ." *State v. Boyd*, 846 So. 2d 458, 460 (Fla. 2003) (quoting *In re Estate of Goldman*, 79 So. 2d 846, 848 (Fla.1955)). It further noted that "the determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and his [or her] exercise of discretion will be overruled only upon a showing of abuse." *Boyd*, 846 So. 2d at 460.

Applying this standard, the court did not abuse its discretion in finding good cause under the rule to delay release on his own recognizance until the 40th day. The delay was not caused by the prosecutor's inaction but

2

by the backlog in the laboratory testing. We cannot conclude that the trial court's action was arbitrary.

Where good cause is shown, however, the rule requires that the order provide for the defendant's **automatic** release unless the state files formal charges by the 40th day from arrest. In this case, the written order simply denied the motion for release on good cause, although the trial court stated at the hearing that it would reset the case for the 40th day from arrest and release the defendant should the state not file an information by that date. The rule requires that the order include this directive, regardless of whether a hearing is held. In fact, the rule does not require another hearing and order to authorize release once the state has been noticed of the passage of the thirty-day time period.

STEVENSON and MAY, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3