# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2065
Lower Tribunal No. 17-15894
_____

## Leslie B. Nelson,
Petitioner,

vs.

## Daniel Junior, etc., et. al.,
Respondent.


An Appeal from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for respondent.


Before EMAS, LOGUE and LINDSEY, JJ.


LINDSEY, J.

Leslie Nelson ("Petitioner") petitions this Court to issue a writ of habeas corpus and order his release from custody on the ground that the State's failure to file an information within forty days of his arrest entitles him to release on his own recognizance. Following Hurricane Irma, and in accordance with an administrative order issued by the Florida Supreme Court, In re: Closure of Fla. State Courts in Preparation for Hurricane Irma, Order No. AOSC17-46 (Fla. Sup. Ct. Sept. 6, 2017), the trial court extended the time period by which the State is required to file an information on Nelson, who remains in custody. For the reasons set forth below, we deny the Emergency Petition for Writ of Habeas Relief.

## I. BACKGROUND

Nelson, a Pennsylvania resident, was arrested in Miami Beach, Florida on August 9, 2017. Nelson was charged with four counts: 1) Possession of less than twenty grams of marijuana; 2) Possession of cocaine; 3) Possession of cocaine with intent to sell or deliver; and 4) Possession of marijuana with the intent to sell or deliver.

Courts in Miami-Dade County closed on September 7, 2017 and reopened on September 18, 2017 due to Hurricane Irma. As of September 18, 2017, the State had not filed an information. During a hearing on September 18, 2017, the State requested additional time and explained that due to Hurricane Irma, the crime lab analyzing the drugs at issue was backlogged and unable to complete the

2

requisite analysis by the 40th day.  The State also argued that because the 33rd day fell within the window of the Administrative Order, September 18, 2017 no longer constituted the 40th day.  In response, Petitioner argued that the Administrative Order was inapplicable because it specified that the extensions apply only when the last day – which they claimed was the 40th day, September 18, 2017 – falls within the time extended.  Petitioner also argued that even if the State's reason for failing to file an information constituted good cause, the fact that no information had been filed by the 40th day meant that he was entitled to be released regardless of the reason for delay.

The trial court denied Petitioner's request for release on his own recognizance, found that the State had provided good cause for its failure to formally charge Petitioner by the 40th day, and allowed the State until September 25, 2017 to file an information.  The trial court found good cause based on the storm, "the fact that there was no power to [the crime lab] those facilities" and based on the fact that "the Court system has been shut down basically for the last 10 to 15 days."  The trial court found that "at least under the Supreme Court order that five of [the last ten or eleven days that the facilities were shut down] were covered and actually perhaps seven."  The trial court intended to grant the State five additional days after the hearing to file an information.  However, because September 23, 2017 falls on a Saturday, the trial court reset it for September 25,

3

2017.

This Emergency Petition for Writ of Habeas Relief follows.

## II. JURISDICTION

This Court has original jurisdiction to issue writs of habeas corpus under Article V, § 4 (b)(3), Fla. Const. and Fla. R. App. P. 9.030(b)(3).

## III. ANALYSIS

Rule 3.134 of the Florida Rules of Criminal Procedure, which prescribes the time for filing formal charges, provides:

> The state shall file formal charges on defendants in custody by information, or indictment . . . within 30 days from the date on which the defendants are arrested or from the date of the service of capiases upon them. If the defendants remain uncharged, the court on the 30th day and with notice to the state shall:
>> (1) Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date; or
>> (2) If good cause is shown by the state, order that the defendants automatically be released on their own recognizance on the 40th day unless the state files formal charges by that date.
>
> **In no event shall any defendants remain in custody beyond 40 days unless they have been formally charged with a crime.**

Fla. R. Crim. P. 3.134 (emphasis added). Thus, for purposes of Rule 3.134, the 30th day would have fallen on September 8, 2017, the 33rd day would have fallen on September 11, 2017, and the 40th day would have fallen on September 18, 2017.

However, on September 6, 2017, the Florida Supreme Court issued Administrative Order No. SC17-46 governing the closure of Florida state courts in preparation for Hurricane Irma. The Administrative Order states, in pertinent part, that:

> 2. Statewide, all time limits prescribed or allowed by rule of procedure, court order, statutes applicable to court proceedings, or otherwise pertaining to court proceedings are extended from the close of business on Thursday, September 7, 2017, until the close of business on Monday, September 11, 2017.
>
> . . . .
>
> 4. The extension of time periods under this order shall apply only when the last day of those periods falls within the time extended. The suspension of time limits under the speedy trial procedure restores additional days equal to the number stated herein.
>
> **5. This Court recognizes that there may be instances where, because of this emergency, these and other time limits applicable to matters in the state courts could not be met even upon application of the periods stated above. If such a claim is made, it shall be resolved by the court in which jurisdiction is vested on a case-by-case basis when a party demonstrates that the lack of compliance with the requisite time periods was directly attributable to this emergency and that equitable remedy is required.**

In re: Closure of Fla. State Courts in Preparation for Hurricane Irma, Order No. AOSC17-46 (Fla. Sup. Ct. Sept. 6, 2017) (emphasis added).[1]

---

[1] Although not necessary to our decision, we note that the Florida Supreme Court, in a subsequent Administrative Order, increased the extension of time period from

The trial court found good cause resulting from Hurricane Irma related closures. As instructed by the Administrative Order, we review on a case-by-case basis the claim that because of this emergency, the time limits could not be met even upon application of the periods stated in the Administrative Order. Here, the State's inability to comply with the requisite time periods was directly attributable to this emergency, as the court system and crime lab facilities were shut down for 11 days as a result of Hurricane Irma. Accordingly, the equitable remedy of an extension of time, as expressly authorized by the Administrative Order, was appropriate. The trial court merely extended the deadline for the State to file an information by five days, excluding the weekend.

## IV. CONCLUSION

Accordingly, in light of the Administrative Order and the trial court's finding of good cause, we deny the Emergency Petition for Writ of Habeas Corpus.

Denied.

---

"the close of business on Tuesday, September 5, 2017, until the close of business on Monday, September 18, 2017." In re: Emergency Request to Extend Time Periods under all Fla. Rules of Procedure for Miami-Dade County in the Eleventh Judicial Circuit, Order No. AOSC17-71 (Fla. Sup. Ct. Sept. 19, 2017) (emphasis added).