# Third District Court of Appeal
## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2092
Lower Tribunal No. F23-20767
_____

**Kenyata Jermain Roberson,**
Petitioner,

vs.

**James Reyes, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for respondent the State of Florida.

Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

Kenyata Jermain Roberson petitions for habeas corpus relief from a trial court order denying Roberson's motion for release pursuant to Florida Rule of Criminal Procedure 3.134.[1]  On October 17, 2023, during a traffic stop, Roberson was arrested and detained after a search of the vehicle revealed a semi-automatic rifle, several rounds of ammunition, and bags containing suspected MDMA and oxycodone.  On the 30th day following the arrest and detention, noting the lack of a formal information or indictment, Roberson alerted the court and the court, with notice to the State, set a hearing for November 20, 2023, the 33rd day.  See Fla. R. Crim. P. 3.134 ("If the defendants remain uncharged, the court on the 30th day and with notice to the state shall: (1) Order that the defendants automatically be released on their own recognizance on the 33rd day unless the state files formal charges by that date" or (2) shows good cause).

At the November 20, 2023 hearing, noting no charges filed by that time, the 33rd day, the trial court found good cause for the delay in filing formal charges based on the State's representation that laboratory testing delays prevented the filing of formal charges.  By finding good cause, the State would have until the 40th day to file formal charges.  Id. (2).  We review a

---

[1] We have jurisdiction.  Art. V, § 4(b)(3), Fla. Const.; Fla. R. App. P. 9.030(b)(3); Fla. R. Crim. P. 3.134; see also Nelson v. Junior, 227 So. 3d 737, 738 (Fla. 3d DCA 2017).

good cause determination for abuse of discretion.  See Davis v. State, 162 So. 3d 91, 93 (Fla. 4th DCA 2014) (explaining abuse of discretion standard as applied to a good cause determination under rule 3.134).

The State argues for good cause in the delayed filing of charges because: (1) the substances were submitted at least by the log-in date of October 30 (13 days after the arrest and detention), and (2) the lab is busy and backlogged.  A laboratory backlog and delay may constitute good cause. See id. at 92–93.  Roberson takes issue with the fact that the State couldn't say when it submitted the substances to the laboratory, and the only date given, October 30, 2023, would mean that the State waited 13 days to submit the substances to a lab that they knew was already backlogged.  Such delay caused (or exacerbated) by the State, Roberson argues, can't form the basis for good cause.[2]

---

[2] The State in its reply offers that the substances were submitted to the lab for testing significantly sooner than October 30, 2023, based on documents ostensibly filed with the trial court *after* the November 20, 2023, hearing.  Of course, the trial court did not and could not consider evidence not presented prior to or during the hearing.  Because, based on the circumstances present here, the subsequent filing of the information moots the relief requested, we decline to decide whether the trial court abused its discretion in finding good cause based on the information before the court.  We caution the trial court, however, that reliance on a generic assertion of lab delay in the face of what was represented to the trial court as a significant, almost two-week delay in submitting the substances to the lab, without more, may fail to take into account "the peculiar facts and circumstances of each case."  Davis, 162 So. 3d at 93 (quoting State v. Boyd, 846 So. 2d 458, 460 (Fla. 2003)).

The State argues that any error in finding good cause was cured by the filing of an information on November 22, 2023, two days after the trial court's good cause hearing. The State relies on Ford v. Campbell, 697 So. 2d 1301, 1302 (Fla. 1st DCA 1997), for the proposition that the filing of an information moots the relief requested. In Campbell, the State filed the information more than 40 days after the arrest, but before the trial court's hearing on the defendant's motion. Id. The First District held that "the petitioner is not entitled to release on recognizance because she waited until after the outer limit of forty days to file her motion and because the state cured the error by filing an information by the time of the hearing on the motion." Id. at 1303. Here, Roberson brought the issue to the court's attention on the 30th day, and the information wasn't filed before the court's hearing on the 33rd day (although it was filed before the 40th day). Therefore, Campbell isn't directly analogous to our situation. Nonetheless, on the record before us, because the information was filed before the 40th day from arrest, and before our decision on the matter, we decline to grant habeas relief.

Petition denied.